# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br><br>TERRILL BROWN,<br><br>                 Defendant. | Case No. 15-CR-226-5-JPS<br><br>**ORDER** |

      Defendant Terrill Brown ("Brown"), pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (d) & 2, one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) & 2, and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. (Docket #176). On September 6, 2017, the Court sentenced him to just under thirteen years' imprisonment, with seventy months being applied to the robbery convictions, and eighty-four months for the gun charge, to run consecutively to the robbery sentences. (Docket #232). Brown did not appeal his convictions or sentence.

      On March 16, 2018, Brown filed a motion pursuant to 28 U.S.C. § 2255 to vacate his Section 924(c) conviction. (Case No. 18-CV-426-JPS, hereinafter "Habeas Case," Docket #1). Brown argued that Hobbs Act robbery does not qualify as a "crime of violence" under either clause of Section 924(c)—the "force" clause or the "residual" clause. *See* (Docket #2 at 6–22). Because the Seventh Circuit has expressly held that Hobbs Act robbery meets the definition via the force clause, *see United States v. Anglin*, 846 F.3d 854, 964–65 (7th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017), the Court found Brown's petition to be plainly without

merit, and on July 10, 2018, denied it. (Habeas Case, Docket #3 and #4). Brown appealed, but the Seventh Circuit dismissed the appeal when Brown failed to file a docketing statement that is required by Circuit Rule 3(c). (Habeas Case, Docket #12).

On September 19, 2019, Brown filed a motion in this case (his criminal case), purportedly pursuant to Federal Rule of Civil Procedure 60(b), seeking reconsideration of the Court's denial of his Section 2255 motion. (Docket #290).[1] He asks the Court to reconsider its decision in his Section 2255 case in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that the residual clause of the definition for violent felony is unconstitutionally vague under due process and separation of powers principles. *Id*.

Rule 60(b) offers relief from a court's order or judgment if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 Fed. App'x 680, 681 (7th Cir. 2004) (quoting Rule 60(b)(6)). The motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Relief under Rule 60 "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006). Here, the Court does not find, and Brown does not provide, any evidence of extraordinary circumstances to sustain a Rule 60(b) motion. Nor does he provide a reason justifying his delay in bringing it.

---

[1] Brown actually first sent the filing, mistakenly, to the Seventh Circuit, whose *pro se* clerk then forwarded the filing to this Court. *See* (Docket #290-1). Presumably because Brown captioned his filing with the case number from his criminal case, the Clerk of this Court entered the filing in this case, as opposed to in Brown's civil Section 2255 case.

More importantly, Brown's motion must be denied because this "motion for relief from judgment" under Rule 60 is actually an unauthorized successive Section 2255 motion filed without the requisite permission from the Seventh Circuit. *United States v. Carraway*, 478 F.3d 845, 848–49 (7th Cir. 2007) ("The fact that Carraway labeled his motion as a request for relief under civil Rule 60(b) rather than section 2255 is immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated."); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.") (citations omitted).

Federal prisoners are generally limited to bringing only one motion under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Brown has already filed, and lost, his first Section 2255 action, and he offers no evidence that the Seventh Circuit has approved of the instant motion. The motion must, therefore, be denied for want of jurisdiction. *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals,

the district court has no jurisdiction to hear [a successive Section 2255 motion].").

Accordingly,

**IT IS ORDERED** that Defendant's Rule 60 motion for relief from judgment (Docket #290), properly characterized as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, be and the same is hereby **DENIED** for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h).

Dated at Milwaukee, Wisconsin, this 28th day of October, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge